UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-80136-CIV-RYSKAMP/JOHNSON

HAROLD G. ABBEY,

    Plaintiff,

v.

MERCEDES-BENZ OF NORTH
AMERICA, INC., VOLVO CARS OF
NORTH AMERICA CORP., JAGUAR
CARS NORTH AMERICA, ROBERT
BOSCH CORPORATION,

    Defendants.

_____/

## ORDER DENYING MOTIONS FOR SUBSTITUTION OF PARTIES, TO REOPEN CASE AND TO TRANSFER VENUE

THIS CAUSE comes before the Court pursuant to Plaintiff's Estate's Motions for Substitution of Parties, to Reopen the Case and to Transfer Venue, filed January 22, 2007 **[DE 95, 96, 97]**.  Defendants responded on February 16, 2007 **[DE 100]**.  Plaintiff's Estate did not reply.  These motions are ripe for adjudication.

The Federal Circuit remanded this patent infringement case to this Court in May of 2005.  Plaintiff thereafter failed to prosecute the case and failed to obey Court orders.  In its September 26, 2006 Report and Recommendation, the Court documented Plaintiff's "flagrant disregard of judicial authority that has obstructed and thwarted the smooth flow of the judicial process at the District Court level."  Accordingly, the Court dismissed the case with prejudice on October 19, 2006.

The Estate explains that Plaintiff fell and broke his hip on June 20, 2006, which resulted in Plaintiff becoming incapacitated and preventing him from representing himself or complying with Court orders.  Plaintiff passed away on October 22, 2006.  Plaintiff's Estate asks the Court to reopen this case, substitute the Estate for Plaintiff, and transfer the case to the Middle District of Florida.

Plaintiff's last activity in this Court occurred on December 12, 2005, when he filed a response to the Court's order staying the case pending the outcome of his appeal to the United States Supreme Court.  Thus, more than six months passed before June 20, 2006, when Plaintiff broke his hip.  The Local Rules of the Southern District of Florida permit dismissal for failure to prosecute when the file has been inactive for merely three months:

> Civil actions not at issue which have been pending without any proceedings having been taken therein for more than three months may be dismissed for want of prosecution by the Court on its own motion after notice to counsel of record.  Such actions may also be dismissed for want of prosecution at any time on motion by any party upon notice to the other parties.

S.D. Fla. L.R. 41.1.

The Court also dismissed this matter due to Plaintiff's failure to obey Court orders.  Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal of a lawsuit with prejudice for failure to prosecute or comply with court orders when there is present a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotations omitted).

The Estate also requests relief under Fed. R. Civ. P. 60(b)(1) and 60(b)(6).  Pursuant to Rule 60, a "court may relieve a party or a party's legal representative from a final judgment,

3

order, or proceeding" for reasons including "(1) mistake, inadvertence, surprise, or excusable neglect;...or (6) any other reason justifying relief from the operation of the judgment." Nevertheless, "illness alone is not a sufficient basis for setting aside a judgment" under the first subdivision of this rule. <u>Carrcello v. TJX Cos.</u>, 192 F.R.D. 61, 64 (D. Conn. 2000). Should illness prevent compliance with an order or deadline, the party should at least bring illness to the attention of the court in a timely manner. <u>See</u> <u>id</u>. at 64. Furthermore, Plaintiff's uncooperative behavior long predated his illness. As early as July of 2005, Plaintiff refused to prepare and submit a scheduling report and the joint proposed scheduling order. This refusal continued for months. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Reopen, filed January 22, 2007 **[DE 96]**, is DENIED. The Motions for Substitution of Parties and to Transfer Venue, also filed January 22, 2007 **[DE 95, 97]**, are DENIED as MOOT.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 20th day of March, 2007.

S/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE
